UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  14-21270-CIV-MORENO**

JORGE PORTER,

     Plaintiff,

vs.

COLLECTO, INC. d/b/a EOS CCA,

     Defendant.

_____/

## ORDER

This case comes before the Court on Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Plaintiff's Motion *Nunc Pro Tunc* to Exceed the Response Memorandum Page Limit, and on Defendant's Motion to Strike Plaintiff's Motion for Permission *Nunc Pro Tunc* to Exceed Response Memorandum Page Limit and For Attorney's Fees and Costs. For the reasons discussed below, this Court GRANTS Defendant's Motion to Strike Plaintiff's Response and GRANTS Defendant's Motion to Plaintiff's Motion *Nunc Pro Tunc* to Exceed the Response Memorandum Page Limit.

## I. Background

Plaintiff filed suit in state Court alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et. seq.* Defendant removed the case to Federal Court. On April 28, 2014, Defendant filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction. In response, Defendant filed its Response Brief, which weighed in at 39-pages. The above motions stem from that filing by Plaintiff.

## II. Analysis

### A. Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion to Dismiss

Under S.D. Fla. Local Rule 7.1(c)(2), "absent prior permission of the Court, neither a motion and its incorporated memorandum of law nor the opposing memorandum of law shall exceed 20 pages." S.D. Fla. L. R. 7.1(c)(2). Local Rules are "designed to help the court identify and organize the issues in the case." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). District Court local rules have the force of law. *Hollingsworth v. Perry*, 130 S. Ct. 705, 710 (U.S. 2010); *Castro v. Dir., F.D.I.C.*, 449 Fed. Appx. 786, 788 (11th Cir. 2011).

It is patently clear that Plaintiff's Response memorandum violated S.D. Fla. Local Rule 7.1(c)(2). Indeed, Plaintiff concedes this point. However, Plaintiff has presented three arguments as to why the Response should stand. The Court rejects all arguments; each will be discussed in turn.

First, Plaintiff argues that, because his Response is in 14-point Century font, as opposed to a more traditional 12-point font like Times New Roman or Courier, the *effective* number of pages is "somewhat reduced" and, thus, permissible. Plaintiff is correct insofar as he argues that his brief is in comically large font. Additionally, the Court notes that the spacing of Plaintiff's brief appears to be significantly wider than the traditional double-space. Nevertheless, the local rules do not permit an exception for briefs filed in comically large font, nor do they require the Court to go through the effort of standardizing party briefs to a common font in order to determine whether they are in compliance with length requirements. This first excuse fails.

Second, Plaintiff argues that the issue raised by Defendant in its Motion to Dismiss is *important* and *unsettled* (italics in original). While this may be true, the importance of the issue or the novelty of Defendant's arguments do not permit Plaintiff to ignore this District's Local Rules and

file a brief that is nearly double the maximum permitted length. Plaintiff was free to seek permission to file a brief that exceeded the page limitation prior to filing or to file a brief that complied with the local rules. Plaintiff elected neither of those options and must bear the consequences of his decision.

Finally, and most cynically, Plaintiff argues in his Response to Plaintiff's Motion to Strike Plaintiff's Response to Defendant's Motion to Dismiss that the Plaintiff's Motions to Strike are "implicitly moot" because this Court granted Defendant an extension of time to reply to Plaintiff's excessively long Response brief. Plaintiff has provided this Court with no legal support for the argument that a Court waives enforcement of a local rule by granting a party an extension of time to respond to the offending document. While a District Court has the discretion to accept a filing that does not comply with local rules, it is under no requirement to do so. *See Fils v. City of Aventura*, 647 F.3d 1272, 1282-83 (11th Cir. 2011); *Reese v. Herbert*, 527 F.3d 1253, 1270 (11th Cir. 2008).

Moreover, Plaintiff should directly respond to arguments raised by one of Defendant's motions in its response papers to that motion. In his Response to Defendant's Motion to Strike and in its Motion for Permission to Exceed the Page Limits *Nunc Pro Tunc*, Plaintiff glibly refers the Court to read briefs on other motions in the case in a stated effort to avoid wasting this Court's time. Plaintiff's concern for judicial economy at this stage in the proceedings is amusing. Indeed, Plaintiff exhibited no concerns for the Court's time when it filed its 39-page response brief. Ironically, Plaintiff's referred arguments would force the Court the expend more time digging through the unrelated filings that he hazily incorporates by reference. The Court does not appreciate Plaintiff's serialization of his response arguments. While television audiences may be required to remember that J.R. (or Mr. Burns) was shot in order to appreciate the later episodes, the tactics that succeed on television audiences are not appropriate for a Court of Law.

Therefore, Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion to Dismiss is GRANTED.

### B. Defendant's Motion to Strike Plaintiff's Motion for Permission *Nunc Pro Tunc* to Exceed Memorandum Page Limit and For Attorney's Fees and Costs

Defendant has also filed a Motion to Strike Plaintiff's Motion to Exceed Page Limits and For Attorney's Fees. Defendant argues that Plaintiff failed to comply with Local Rule 7.1(a)(3) which requires a party to confer with all parties or non-parties who may be affected by the relief sought in a motion prior to filing the motion. *See* S.D. Fla. L. R. 7.1(a)(3). Plaintiff admits that he failed to follow Local Rule 7.1(a)(3). Plaintiff describes the mistake as "a rookie error." The Court agrees. Therefore, Defendant's Motion to Strike and for Attorney's Fees is GRANTED. Defendant shall file with the Court an Affidavit detailing the amount sought in Attorney's Fees.

### III. Conclusion

THIS CAUSE came before the Court upon Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion to Dismiss **(D.E. No. 13)**, filed on **May 19, 2014** and on Plaintiff's Motion for Permission *Nunc Pro Tunc* to Exceed Response Memorandum Page Limit **(D.E. No. 12)** filed on **May 14, 2014**.

THE COURT has considered the motions, response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that

(1) Defendant's Motion to Strike Plaintiff's Response To Defendant's Motion to Dismiss **(D.E. no. 13)** filed on **May 19, 2014** is GRANTED.

(2) Defendant's Motion to Strike Plaintiff's Motion for Permission *Nunc Pro Tunc* to Exceed Response Memorandum Page Limit and for Attorney's Fees and Costs **(D.E. No. 14)** filed on **May 19, 2014** is GRANTED. Defendant shall file an Affidavit with this Court detailing

-5-

the sum of the Attorney's Fee it seeks from Plaintiff.

(3) Plaintiff's Motion for Permission *Nunc Pro Tunc* to Exceed Response Memorandum Page

Limit **(D.E. No. 12)** filed on **May 14, 2014** is STRICKEN.


DONE AND ORDERED in Chambers at Miami, Florida, this ⁄⁄ day of June, 2014.


_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE


Copies provided to:

Counsel of Record