UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-21270-CIV-MORENO

JORGE PORTER,

    Plaintiff,

vs.

COLLECTO, INC. d/b/a EOS CCA,

    Defendant.
_____/

# ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## I. Background

This case comes before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Plaintiff filed his one-count Complaint in state court, seeking damages for violations of §1692g and §1692e of the Fair Debt Collections Practices Act. Plaintiff styled his Complaint as a class action. Defendant removed this case to Federal Court on April 9, 2014. On that same date, Defendant served an Offer of Judgment pursuant to Rule 68 on the Plaintiff. Plaintiff did not accept the offer. Defendant moved to dismiss the Complaint on April 28, 2014. Defendant argued that the Court lacked Subject Matter Jurisdiction because Defendant had offered $1,001, more than the statutory maximum permitted under the Fair Debt Collections Practices Act, mooting Plaintiff's claim. For the reasons discussed more fully below, this Court GRANTS Defendant's Motion.

## II. Discussion

Defendant has moved to dismiss this case under Fed. R. Civ. P. 12(b)(1), arguing that an unaccepted offer of judgment under Rule 68 that provides a plaintiff with full relief moots plaintiff's claim. Plaintiff argues the Court should not dismiss this claim because an unaccepted offer of

judgment does not moot a plaintiff's individual claim, and that, even if Plaintiff's claim is mooted, the class claims are not. As discussed below, Defendant's arguments are a logical extension of 11th Circuit caselaw and consistent with prior decisions from this District. As such, the Court will GRANT Defendant's Motion.

Article III of the United States Constitution provides that the jurisdiction of Federal Courts is limited to cases and controversies. *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012). Three doctrines of justiciability make up the core of the Article III case or controversy requirement - standing, ripeness, and mootness. *Christian Coal. Of Fla., Inc. V. U.S.*, 662 F.3d 1182, 1189 (11th Cir. 2011). "An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Zinni v. ER Solutions, Inc.*, 692 F.3d at 1166 (*quoting Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009). "A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages or review, not merely at the time the complaint is filed." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (U.S. 2013). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.*

A Defendant has two ways to challenge subject matter jurisdiction under Rule 12(b)(1) - facial attacks or factual attacks.

> Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits.

*Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OCI Inc.*

v. *U.S.*, 285 F.3d 947, 951 (11th Cir. 2002). In this case, Defendant's challenge is a factual attack because it "relates to events arising outside the Complaint-specifically, an offer of settlement." *Keim v. ADF MidAtlantic, LLC*, 2013 WL 3717737 at *4 (S.D. Fla. July 15, 2013).

The first issue the Court must determine is whether an unaccepted Rule 68 offer of judgment that fully satisfies a plaintiff's claim moots a plaintiff's claim. Many Circuits have answered that question in the affirmative. *See Rand v. Monsanto Co.*, 926 F.2d 596, 596 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright."); *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012); *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 502 (5th Cir. 2005). The Ninth Circuit has taken the opposite view. *See Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948, 952-53 (9th Cir. 2013) ("We therefore hold that an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot.") The Sixth Circuit agrees with the Seventh that a Rule 68 offer moots plaintiff's claim, but rather than dismiss plaintiff's claim outright, has held that "the better approach is to enter judgment in favor of the plaintiffs in accordance with defendants' Rule 68 offer of judgment." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574-75 (6th Cir. 2009). The Second Circuit has adopted a hybrid approach that an offer does not moot the claim, and it has determined that the best approach is to enter a judgment against defendant in accordance with the offer of settlement. *See McCauley v. TransUnion, LLC*, 402 F.3d 340, 342 (2d Cir. 2005). The Supreme Court in *Symczyk* expressly did not reach this question. *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. at 1529 ("we assume, without deciding, that petitioners' Rule 68 offer mooted respondent's individual claim").

The Eleventh Circuit has not reached the issue, but the case of *Zinni v. ER Solutions, Inc.* is instructive. In that case, the defendants offered to settle the case for $1 more than the Plaintiffs

sought. *Zinni v. ER Solutions, Inc.*, 692 F.3d at 1164-65. However, defendants did not offer a Rule 68 judgment. The Court found that the case was not mooted because, by not offering a judgment, the defendant did not offer "the full relief requested - damages *plus* a judgment." *Id.* at 1166. The Court drew a clear distinction between a judgment, which district courts have the power to enforce, and settlements, which are "a mere promise to pay." *Id.*; *see also Wolff v. Royal Am. Mgmt., Inc.*, 545 Fed.Appx. 791, 794 (11th Cir. 2013). Citing the Fourth Circuit, the Court explained the difference between a settlement and a judgment was a significant one in the eyes of a plaintiff because:

> Settlements often do not involve the entry of a judgment against the defendant, as compared to a judgment of dismissal, so that from the plaintiff's perspective the willingness of the defendant to allow judgment to be entered has substantial importance since judgments are enforceable under the power of the court. Indeed, should a settlement not embodied in a judgment come unraveled, the court may be without jurisdiction to proceed in the case, which often becomes a breach of contract action for failure to comply with the settlement agreement. Even if the court retains jurisdiction, plaintiff is left to litigate a breach of contract action or, perhaps, to continue litigating the claims sought to be settled.

*Id.* at 1167 (*citing Simmons v. United Mortg. & Loan Inv., LLC* 634 F.3d 754, 766 (4th Cir. 2011). Ultimately, the Court held that "the failure of [defendants] to offer judgment prevented mooting" of plaintiffs' claims. *Id.* at 1168.

In the case at bar, the Defendant has offered $1 more than the Plaintiff's demand and the statutory maximum for Plaintiff's claims and has offered a Rule 68 entry of judgment. This Rule 68 offer for entry of judgment distinguishes the facts from those in *Zinni* and avoids the pitfalls that doomed defendant's efforts there. In other words, Defendant, by offering more than Plaintiff was seeking and offering to consent to judgment pursuant to Rule 68, made Plaintiff "an offer he can't refuse." The Court finds that Plaintiff's claim is mooted.

Having found that the Plaintiff's claim can be mooted due to the offer of judgment, the Court now turns to whether the class action allegations can survive without the Plaintiff. The Court answers

-4-

the question in the negative and concludes that the application cannot survive. In *Symczyk*, the Supreme Court explained that, in a FLSA matter "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied."*Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. at 1528. *Symczyk* is only of persuasive value in the case at bar, however, because as the Court said, Rule 23 class actions are "fundamentally different from collective actions under the FLSA." *Id.*

Circuits are split regarding whether an offer of judgment to the named plaintiff in a class action moots the entire case. *Compare Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011) ("[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright.") *with Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004) ("absent undue delay in filing a motion for class certification, therefore, where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint"); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091 (9th Cir. 2011) ("where, as here, a defendant seeks to "buy off" the small individual claims of the named plaintiffs, the analogous claims of the class - though not *inherently* transitory - become no less transitory than inherently transitory claims"); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1243 (10th Cir. 2011).

The facts of *Damasco* are similar to the case before the Court. In that case, plaintiff filed a case, styled as a class action, alleging violations of the Telephone Consumer Protection Act. *Damasco v. Clearwire Corp.*, 662 F.3d at 896. He asked the Court to enjoin the practice of sending unsolicited text messages, and asked the court to award treble the statutory maximum of $500 for willful and knowing violations. *Id.* Less than a month later, defendant offered to cease the practice

and give plaintiff and up to ten other people $1500 as damages. *Id.* Defendant removed the case to federal court four days after sending the letter, and Plaintiff filed its motion for class certification that same day. *Id.* The Seventh Circuit reasoned that "[t]o allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011). To permit a class claim to survive the offer of judgment, the Court crafted a "simple solution: "[c]lass-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs." *Id.* at 896.

Although the Defendant in *Damasco* did not make a Rule 68 offer of judgment, that is of no moment to the case at bar. As *Zinni* has made clear, a Rule 68 offer of judgment is necessary in the Eleventh Circuit, and Defendant in this case has made such an offer. *See Zinni v. ER Solutions, Inc.*, 692 F.3d at 1167. Indeed, when presented with this issue, courts in this district have generally followed *Damasco*. *See, e.g. Krzykwa v. Phusion Projects, LLC*, 920 F.Supp.2d 1279, 1282 (S.D. Fla. 2012); *Keim v. ADF MidAtlantic, LLC*, 2013 WL 3717737 at *6; *but see Capote v. United Collection Bureau, Inc.*, 2010 WL 966859 (S.D. Fla. Mar. 11, 2010).

The Court thus finds that the requirement that a plaintiff representing a putative class can effectively undercut the potential mooting effects of an offer of judgment by filing a motion for class certification at the same time as the complaint or prior to the offer of judgment is a simple and elegant solution. Plaintiff in this case has still not filed a motion to certify class. As such, this court adopts the reasoning of *Damasco*, *Krzykwa*, and *Keim* and finds that the offer of judgment mooted the class claims where a motion for class certification has not been filed prior to the offer of judgment.

-6-

Plaintiff cites to companion Supreme Court cases *U.S. Parole Commission v. Geraghty* and *Deposit Guranty Nat. Bank, Jackson, Miss., v. Roper* to support his claims that he may still serve as the class representative. Neither case supports Plaintiff's position. In *Geraghty*, the plaintiff, an inmate serving a sentence, filed a class action lawsuit challenging his sentence on behalf of all federal prisoners who were or would become eligible for parole. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 392-93 (1980). While Plaintiff was still in custody, the District Court denied the motion to certify the class. *Id.* at 394. Plaintiff sought to appeal that denial, and during the pendency of the appeal, Plaintiff was released from prison. *Id.* at 394. The court held that "an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied. The proposed representative retains a 'personal stake' in obtaining class certification sufficient to assure that Art. III values are not undermined." *Id.* at 404. The Court, however, limited its holding "to the appeal of the denial of the class certification motion[,]" because "[a] named plaintiff whose claim expires may not continue to press the appeal on the merits until a class has been properly certified." *Id.*

Similarly, in *Roper*, which was decided on the same day as *Geraghty*, the plaintiffs brought a class action complaint against Defendant bank. *Deposit Guranty Nat. Bank, Jackson, Miss., v. Roper*, 445 U.S. 326, 328 (1980). The district court denied the motion to certify the class, and the Court of Appeals denied the motion for interlocutory review. *Id.* at 329. Defendant then tendered to each named plaintiff an offer of judgment in the maximum amount recoverable by each, and the district court entered the judgment over plaintiffs' objections. *Id.* at 329-330. Plaintiffs then appealed the denial of class certification. *Id.* at 330. The Court viewed "the denial of class certification as an example of a procedural ruling, collateral to the merits of a litigation, that is appealable after the entry of final judgment." *Id.* at 336. The Court held that the plaintiffs had a stake in the outcome of

the appeal of the denial of class certification, and that the "Court of Appeals had jurisdiction to entertain the appeal only to review the asserted procedural error." *Id.*

Both *Geraghty* and *Roper* involved the right of a plaintiff to appeal the denial of class certification. These cases are clearly distinguishable from the case before the Court. Plaintiff has not even filed a motion for class certification. There is thus no denial of a class certification for the Plaintiff to appeal because there was no class certification requested. These cases provide no support for Plaintiff's claims.

Plaintiff next argues that *Symczyk* is not controlling because FLSA collective actions are different than class actions under Rule 23. This is no doubt true. However, as demonstrated above, *Symczyk* is instructional, not binding, and this opinion does not suggest that *Symczyk* is controlling. Thus, Plaintiff's argument does not change the analysis or the result.

Finally Plaintiff argues that the filing of a motion for certification of a class at the outset of a trial is a mere "placeholder motion that serves no genuine purpose other than to reinforce what the complaint already says." This Court disagrees. *See Keim v. ADF Midatlantic, LLC*, 2013 WL 3717737 at *7. Plaintiff has cited one unpublished order to support its argument that courts in this district discourage the filing of motions to certify class concurrently. In *Taylor v. Acquinity Interactive, LLC*, the Court denied Plaintiff's motion to certify the class without prejudice as premature. *Taylor v. Acquinity Interactive, LLC*, 13-61088-CIV-DIMITROULEAS(S.D. Fla. May 17, 2013). However, that decision cuts against the Plaintiff's argument. While the Court did deny the motion, it noted that "all parties in this action are on notice that Plaintiff wants to certify this matter as a class action" and that "[a]ny later motion by Defendant(s) to dismiss for lack of subject matter jurisdiction based upon an offer of judgment made to the named Plaintiff only is likely to be summarily denied." *Id.* at *2. Thus, the filing of the motion to certify the class achieved the desired

effect. *See also Keim v. ADF Midatlantic, LLC*, 2013 WL 3717737 at *7. The Court therefore finds that Plaintiff's claim has been mooted, and that the class action cannot continue as there has been no motion to certify the class. Plaintiff could have filed a motion to certify the class. Plaintiff did not do so. Without a pending motion to certify the class, the class Plaintiff seeks to represent remains purely theoretical.

### III. Conclusion

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction **(D.E. No. 8)**, filed on **April 28, 2014**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. This case is DISMISSED with prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this 25 day of June, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record